UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BETH ANN CARPENTER,<br>    Petitioner,<br><br>v.<br><br>COMMISSIONER OF<br>CORRECTION,<br>    Respondent. | No. 3:17-CV-01292 (VLB)<br><br>July 30, 2018 |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS [DKT. 11]

Petitioner Beth Ann Carpenter ("Carpenter" or "Petitioner") brings this writ of habeas corpus under 28 U.S.C. § 2254 to challenge her conviction of capital felony in violation of Conn. Gen. Stat. § 53a-54b, conspiracy to commit murder in violation of Conn. Gen. Stat. §§ 53a-48 and 53a-54a, accessory to commit murder in violation of Conn. Gen. Stat. §§ 53a-8(a) and 53a-54(a). *See* [Dkt. 2 (Habeas Petition) ¶ 3; Dkt. 11-2 (Mot. Dismiss Ex. B, *State v. Carpenter*, 275 Conn. 785, 794, 882 A.2d 604 (2005))]. Respondent Commissioner of Correction ("Respondent") has moved to dismiss on the basis that the § 2254 petition is untimely. For the foregoing reasons, this motion is GRANTED.

### Background[1]

The facts underlying Ms. Carpenter's conviction involve the 1994 death of a man killed by a gunman who was hired by Ms. Carpenter's lover. *See* [Dkt. 2 ¶ 4]. Several years after the murder was carried out, Ms. Carpenter was charged with

---

[1] The Court takes judicial notice that all exhibits provided by Respondent are either public court dockets or publicly filed cases. *See* Fed. R. Evid. 201(b).

and convicted of capital felony, conspiracy to commit murder, and accessory to commit murder. She received a sentence of life without parole. [Dkt. 2 ¶ 3; Dkt. 11-2 at 794]. Ms. Carpenter appealed the jury verdict and the Connecticut Supreme Court affirmed the jury verdict on October 11, 2005. *See* [Dkt. 11-2]. She then petitioned for certiorari, but the United States Supreme Court denied it on March 20, 2006. *See* [Dkt. 11-3 (Mot. Dismiss Ex. C, *Carpenter v. Connecticut*, 547 U.S. 1025, 126 S. Ct. 1578 (2006))].

Over two years later on May 2, 2006, Ms. Carpenter filed her first petition for a writ of habeas corpus in Connecticut state court. *See* [Dkt. 11-4 (Mot. Dismiss Ex. D, Carpenter First Habeas Docket) at 1]. She withdrew this petition on October 14, 2010. *Id.* at 3.

On December 14, 2012, Ms. Carpenter filed her second petition for a writ of habeas corpus with the state. *See* [Dkt. 11-5 (Mot. Dismiss Ex. E, Carpenter Second Habeas Docket) at 2]. This petition was denied on June 18, 2015. *See id.*; [Dkt. 11-6 (Mot. Dismiss Ex. F, *Carpenter v. Warden*, No. TSRCV134005058S, 2015 WL 4173947 (Conn. Super. Ct. June 18, 2015))]. Ms. Carpenter appealed this ruling on July 8, 2015, and the judgment was affirmed on March 28, 2017. *See* [Dkt. 11-7 (Mot. Dismiss Ex. G, *Carpenter v. Comm'r of Corr.*, 171 Conn. App. 758 (Conn. App. Ct. 2017)]. She petitioned the Connecticut Supreme Court for certification for appeal from the appellate court but was denied on May 10, 2017.

Rather than filing a petition with the United States Supreme Court, she filed a § 2254 petition here. She argues trial counsel was ineffective for two reasons: (1)

they failed to lay a proper foundation that resulted in precluding an expert's testimony, and (2) they failed to advise her to consider a plea agreement. *See* [Dkt. 2 ¶¶ 10–39].

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for filing § 2254 petitions. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run on the latest of one of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Here, the parties dispute whether the latest date is (A) the date when the judgment became final, (C) the date on which a Supreme Court initially recognized a constitutional right, or (D) the date when the factual predicate of the claims were discovered.

Under subsection (A), the statute of limitations ran before she filed this federal habeas petition. A criminal conviction becomes final within the meaning of section 2244(d)(1)(A) "only after the denial of certiorari or the expiration of time for

seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Therefore, the conviction became final on March 20, 2006 when the United States Supreme Court denied the petition for writ of certiorari. *See* [Dkt. 11-3]. However, it is well-established, and the parties do not disagree, that "[t]he limitations period is tolled during the pendency of a properly filed petition for collateral review in state courts." *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir.2002); *see also* 28 U.S.C. § 2244(d)(2). This tolling period does not begin anew when a second state habeas petition is filed. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). The statute of limitations period was tolled from May 2, 2006 to October 14, 2010 during the pendency of the first state habeas petition and from December 14, 2012 to May 10, 2017 during the pendency of the second state habeas petition until the Connecticut Supreme Court denied certification for appeal. This means the clock ran from March 21, 2006 to May 1, 2006; from October 15, 2010 until December 13, 2012; and from May 11, 2017 until July 31, 2017.[2] The one-year statute of limitations clearly ran during the more-than-two-year time period between the dates when the first state habeas petition concluded and the second state habeas petition was filed.

According to Petitioner, applying subsection (C) renders the latest date timely. Petitioner claims that *Lafler v. Cooper*, 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) and *Missouri v. Frye*, 566 U.S. 134, 132 S. Ct. 1399, 182 L. Ed. 2d

---

[2] The time period and days in which the limitations period ran can be viewed in this chart below.

| Time Period | Days |
| --- | --- |
| 3/21/2006 to 5/1/2006 | 41 |
| 10/15/2010 to 12/13/2012 | 790 |
| 05/11/2017 to 07/31/2017 | 81 |

379 (2012) apply retroactively and her "plea claim" is not barred because these cases—which address ineffective assistance of counsel claims for conduct during the plea negotiation process—create a newly recognized constitutional right. *See* [Dkt. 14 (Opp'n) at 6]. This argument is unavailing, however. The Second Circuit has clearly held that "[n]either *Lafler* or *Frye* announced a 'new rule of constitutional law': Both are applications of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Gallagher v. United States*, 711 F.3d 315, 315–16 (2d Cir. 2013). Also, the Second Circuit expressly ruled that *Lafler* and *Frye* do not apply retroactively. *Id.* Assuming *arguendo* Ms. Carpenter's claims are based on *Lafler* and *Frye*, subsection (C) does not apply here.

In the alternative, Petitioner also claims that subsection (D) applies. Specifically, she argues: "the state court's interpretation of the Sixth Amendment right of effective assistance of counsel is plainly unreasonable. The petitioner could not raise such a claim until the state court decided the issue." [Dkt. 14 at 8–9]. "The determination of the date on which the factual predicate for a habeas claim is first discoverable is a 'fact-specific' inquiry which requires a district court to analyze the factual bases of each claim and to determine when the facts underlying the claim were known, or could with due diligence have been discovered." *Rivas v. Fischer*, 687 F.3d 514, 534 (2d Cir. 2012). The Second Circuit has sided with other circuit courts in defining "factual predicate" to be comprised "only of the 'vital facts' underlying the claim." *Id.* at 535. This means that "if new information is discovered that merely supports or strengthens a claim that could have been properly stated without discovery, the information is not a 'factual predicate' for

purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *Id.* Notably, the Second Circuit clarified what a factual predicate is *not*: "[I]t should go without saying that a factual predicate must consist of *facts*. Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Id.* It is quite clear that the state court's interpretation of her ineffective assistance of counsel claim is a *conclusion*, not a fact underlying the claim, and that subsection (D) does not apply.[3]

Finally, the Court liberally construes the factual allegations to assert a claim of equitable tolling. Because the limitations period set forth in 28 U.S.C. § 2244(d) is not a "jurisdictional bar," a court may equitably toll the limitations period. *See Smith*, 208 F.3d at 17 (citation omitted). Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to demonstrate "that he has been pursuing his rights diligently," but "extraordinary circumstances" prevented [him from] timely filing" his petition. *See Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks and citation omitted). The extraordinary circumstances preventing the timely filing of the habeas petition must have been beyond the petitioner's control. *See Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2003), *abrogation on other grounds recognized by Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011). In addition, "the severity of the obstacle[s] impeding compliance with the limitations period" rather than "the uniqueness of a party's circumstances" is

---

[3] Ms. Carpenter also suggests her *Lafler/Frye* claim could not have previously been discovered prior to the rulings. This argument fails for the same reason: the existence of new case law is not a *fact*.

considered by the court in determining whether circumstances are extraordinary. *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (citations omitted).

It is the petitioner's burden to show she is entitled to equitable tolling, *see Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008), and she has clearly failed to do so here. Ms. Carpenter alluded to a potential equitable tolling argument with the following:

> (Although extra-record at this point, the respondent's motion to dismiss is strangely silent about why the first petition was withdrawn – counsel for the petitioner and the Chief State's Attorney were engaged in discussions about whether the state would consent to resentencing so that the petitioner could look forward to something other than slow and inevitable death behind bars, a fact that could well support a theory of equitable estoppels on a more fully developed record.)

[Dkt. 14 at 7–8]. To the extent Ms. Carpenter asserts the time period between the first and second habeas petitions should be tolled because the parties were contemplating a sentence reduction, *see* [Dkt. 14 at 8], she has not provided the Court with any factual or legal basis to enable the Court to find she exercised due diligence and that extraordinary circumstances outside her control prevented her timely filing. *See Valverde v. Stinson*, 224 F.3d 129, 135 (2d Cir. 2000) (ruling petitioner's submission of a sworn affirmation was sufficient to permit him to survive the motion to dismiss because the petitioner averred the correction officer confiscated his legal papers); *Bush v. Lantz*, No. 3:06-CV-410 (RNC), 2009 WL 522940, at *2 (D. Conn. Mar. 2, 2009) (on a motion to dismiss, stating, "Even assuming petitioner could prove that the circumstances he faced in Virginia were so extraordinary as to provide a basis for equitable tolling, there is no indication that he exercised due diligence and was prevented from filing his state petition on

time due to circumstances beyond his control. As discussed above, he provides no evidence that he took steps to obtain his legal papers or library materials and was prevented from obtaining them."). In fact, the opposite is true. This singular argument advanced in the opposition by Ms. Carpenter, a former attorney, makes it quite clear that Ms. Carpenter was not forced or tricked into withdrawing her first habeas petition. She knowingly and voluntarily withdrew that petition, which had tolled the clock; triggered the resumption of the dissipation of the limitations period; and failed to timely file a second petition. Therefore, she is not entitled to equitable tolling.

## Conclusion

For the above reasons, the motion to dismiss is GRANTED. The Court concludes that jurists of reason would not find it debatable that petitioner failed to timely file this petition. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgment and close this case.

    IT IS SO ORDERED

    _____/s/_____

    Hon. Vanessa L. Bryant
    United States District Judge

Dated at Hartford, Connecticut: July 30, 2018